Cite as: 581 U. S. ____ (2017)　　　　1

# SUPREME COURT OF THE UNITED STATES

### JOE CLARENCE SMITH *v.* CHARLES L. RYAN, DIRECTOR, DEPARTMENT OF CORRECTIONS, ET AL.

#### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

No. 16–8071.　Decided April 24, 2017

The petition for a writ of certiorari is denied.

Statement of JUSTICE BREYER respecting the denial of certiorari.

The petitioner, Joe Clarence Smith, was sentenced to death nearly 40 years ago. Primarily because of constitutional defects in his sentencing, his execution has been long delayed. He has spent the last 40 years in prison under threat of execution. And for most of that time Smith has been held in solitary confinement. Pet. for Cert. 9.

Members of this Court have recognized that "[y]ears on end of near-total isolation exact a terrible price." *Davis* v. *Ayala*, 576 U. S. ___, ___ (2015) (KENNEDY, J., concurring) (slip op., at 4). Long ago we observed that solitary confinement was "considered as an additional punishment of such a severe kind that it is spoken of . . . as 'a further terror and peculiar mark of infamy.'" *In re Medley*, 134 U. S. 160, 170 (1890). And, as I have previously pointed out, we have written that the uncertainty a person experiences during just four weeks of confinement under threat of execution is "one of the most horrible feelings to which [a person] can be subjected." *Id.*, at 172.

What legitimate purpose does it serve to hold any human being in solitary confinement for 40 years awaiting execution? What does this case tell us about a capital punishment system that, in my view, works in random,

virtually arbitrary ways? I have previously explored these matters more systematically, coming to the conclusion that this Court should hear argument as to whether capital punishment as currently practiced is consistent with the Constitution's prohibition of "cruel and unusual punishment." Amdt. 8. See *Glossip* v. *Gross*, 576 U. S. ___, ___ (2015) (BREYER, J., dissenting). The facts and circumstances of Smith's case reinforce that conclusion.

I recognize the procedural obstacles that make it difficult for this Court now to grant certiorari in this particular case. See 28 U. S. C. §2254. Those problems would not have prevented the Court from granting certiorari 10 years ago when Smith asked us to do so (after spending 30 years on death row). See *Smith* v. *Arizona*, 552 U. S. 985 (2007) (BREYER, J., dissenting from denial of certiorari). Regardless, Smith's confinement reinforces the need for this Court, or other courts, to consider in an appropriate case the underlying constitutional question.